**Barele, Inc. v Contract Dispute Resolution Bd. of the City of N.Y.**

2024 NY Slip Op 30532(U)

February 20, 2024

Supreme Court, New York County

Docket Number: Index No. 161310/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. ARLENE P. BLUTH** | **PART** | **14** |

*Justice*

---------------------------------------------------------------------------X

BARELE, INC. d/b/a OMEGA HOME HEALTH CARE
and PREMIER HOME HEALTH CARE SERVICES, INC.,
d/b/a FIRST AIDE HOME CARE,

Petitioners,

- v -

CONTRACT DISPUTE RESOLUTION BOARD OF THE
CITY OF NEW YORK, NEW YORK CITY HUMAN
RESOURCES ADMINISTRATION, THE CITY OF NEW
YORK

Respondent.

---------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 161310/2023 |
| **MOTION DATE** | 02/16/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 34, 35, 36, 37, 38, 41, 42, 43, 44, 46

were read on this motion to/for                    ARTICLE 78                    .

The petition to annul a determination by respondent the Contract Dispute Resolution

Board ("CDRB") is denied.

**Background**

This dispute concerns an audit by respondent New York City Human Resources

Administration ("HRA") about contracts it has with petitioners. Petitioners explain that during

the relevant time period (2003 and 2004) they operated home care services and were enrolled in

the New York State Medicaid Program (apparently, petitioner Barele, Inc. is no longer in

existence). They allege that in 2002, New York state appropriated specific funding to support

the recruitment and retention of personal care workers (these funds are known as "HCRA"

funds).

**161310/2023   BARELE, INC. ET AL vs. CONTRACT DISPUTE RESOLUTION BOARD OF THE
CITY OF NEW YORK ET AL
Motion No.  001**

**Page 1 of 8**

1 of 8

[* 1]

Petitioners contend that in 2008, HRA reviewed the costs petitioners incurred in furnishing services during the 2004 fiscal year and HRA informed petitioners that they were required to return certain of these funds for 2003 and 2004 (NYSCEF Doc. Nos. 7, 8). Petitioners argue that they timely filed notices of dispute for these determinations. They contend HRA ignored these notices and instead the parties engaged in additional back and forth about the calculations for these expenditures. Specifically, HRA sent a letter to Barele, Inc. (d/b/a Omega Home Health Services) dated March 24, 2009 in which it insisted that the funds had to be spent within the same fiscal year in which they were received (NYSCEF Doc. No. 13). It also sent a letter to petitioner Premier dated the same day where it made similar arguments but reduced the amount to be recouped (NYSCEF Doc. No. 14). Petitioners then sent letters to the HRA Commissioner where they focused on their argument that HRA did not have jurisdiction over whether it could recover the unspent HCRA funds (NYSCEF Doc. Nos. 15 and 16).

Petitioners claim that they eventually submitted notices of claim to the comptroller in July 2010 after not receiving a decision from HRA's commissioner (NYSCEF Doc. Nos. 22 and 23) challenging HRA's jurisdiction. The Comptroller denied Omega's notice of claim on the ground that HRA had "the authority to recover unspent Medicaid funding including HCRA funding" (NYSCEF Doc. No. 24 at 3). It rejected Premier's notice of claim as untimely (NYSCEF Doc. No. 25).

Petitioners observe that they appealed these denials to the CDRB—CDRB eventually found that these claims were time barred. An Article 78 petition was then commenced and the matter was eventually remanded back to CDRB to be reviewed on the merits (*Barele, Inc. v Contr. Dispute Resolution Bd. of the City of New York*, 2014 N.Y. Slip Op. 30323[U] [Sup Ct, NY County 2014]).

**161310/2023   BARELE, INC. ET AL vs. CONTRACT DISPUTE RESOLUTION BOARD OF THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 2 of 8**

2 of 8

Petitioners allege that from 2014 through 2017, the parties entered into various tolling agreements as part of an effort to negotiate a settlement. They insist that the parties entered into a "lockstep agreement" in 2016 in which CDRB agreed to hear the argument on the merits for petitioner Premier. Unfortunately, petitioners contend that no settlement was reached and instead, the CDRB stayed this matter in 2017 while it awaited a Court of Appeals determination on a critical issue. In 2021, the Court of Appeals issued a decision in a separate matter that found that HRA had the authority to audit the specific type of funds at issue in this dispute (HCRA funds).

CDRB then purportedly requested briefing on two remaining issues: 1) if petitioner's claims about HRA's audit of the unspent HCRA funds for 2003 and 2004 was time barred and 2) if the claims were timely, then whether the audit was accurate. Petitioners complain that CDRB then dismissed the petitions on jurisdictional grounds and characterize the rationale as "unclear."

Petitioners argue that the CDRB committed an error of law by determining that petitioners were precluded from presenting evidence of certain authorized expenditures of Medicaid funds. They claim that the instant CDRB decision, just like one from years ago, improperly prevented petitioners from pursuing their case on the merits. Petitioners insist that they were denied their rights under their contracts with respondents and it runs afoul of Medicaid laws and regulations.

In opposition, HRA focuses on recent court decisions that purportedly foreclosed petitioners' challenges to HRA's recoupment demands. It insists that CDRB's decision correctly found that HRA's recoupment of the disputed funds was subject to alternative dispute resolution ("ADR') under the parties' contract. HRA questions how petitioners could challenge the ADR

**161310/2023   BARELE, INC. ET AL vs. CONTRACT DISPUTE RESOLUTION BOARD OF THE
CITY OF NEW YORK ET AL
Motion No.  001**

**Page 3 of 8**

3 of 8

[* 3]

process now. It emphasizes that HCRA funds, the funds in dispute, had to be spent in the year in which they were received and that there is no question that did not occur here.

HRA points out that petitioners' notices of dispute challenged HRA's authority to recoup the unspent HCRA funds and did not actually dispute the amount of HCRA funds that HRA sought to recover from petitioners. HRA insists that petitioners had to raise the issue concerning the amount of the funds to be recouped before the commissioner.

In reply, petitioners argue they had a right to be heard on the merits and they did not waive their right to a fair hearing under Medicaid regulations. They insist that their 2009 notices of dispute were sufficient to give proper notice under the contract. Petitioners insist that due to various delays, it would have been impossible to spend all of the Medicaid funds within the same fiscal year.

**Discussion**

"Judicial review of a CDRB determination is limited to the question of whether it was made in violation of lawful procedure, was affected by an error of law, or was arbitrary or capricious or an abuse of discretion" (*Start El., Inc. v City of New York*, 104 AD3d 488, 488, 961 NYS2d 119 [1st Dept 2013] [internal quotations and citation omitted]).

The Court's analysis begins with a review of recent and relevant appellate cases concerning the issues here. In 2021, the Court of Appeals "conclude[d] that the funds for personal care services paid to petitioner People Care, Inc. under the Health Care Reform Act (Public Health Law §§ 2807–v[1][bb][i], [iii]) are Medicaid funds subject to the audit and recoupment authority of the City of New York Human Resources Administration (HRA)" (*People Care Inc. v City of New York Human Resources Admin.*, 36 NY3d 1088, 1090, 143 NYS3d 329 [2021]). Moreover, the Appellate Decision, First Department, in a subsequent

**161310/2023   BARELE, INC. ET AL vs. CONTRACT DISPUTE RESOLUTION BOARD OF THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 4 of 8**

4 of 8

decision, observed that "the annual auditing and recoupment of Medicaid funds left unspent during each fiscal year" complied with a contract similar to the one at issue here (*City of New York v Contr. Dispute Resolution Bd. of City of New York*, 202 AD3d 532, 534, 164 NYS3d 71 [1st Dept 2022]).

Therefore, this means that HRA is an entity capable of performing an audit with respect to the HCRA funds allocated to petitioners and that the funds had to be spent within the same fiscal year in which they were received. This is contrary to petitioners' notices of claim from 2009 (NYSCEF Doc. Nos. 15 and 16), which both insisted that HRA did not have jurisdiction over whether it could recover the HCRA funds.

CDRB's determination—the decision petitioners seek to annul—observed that "HRA directed petitioners to return millions of dollars in unspent Medicaid funds" (NYSCEF Doc. No. 4 at 1). HRA determined that "Barele owed $10,864,086 and Premier owed $951,681" (*id*. at 2). HRA later reduced the amount owed by Premier to $823,436 (*id*. at 3). However, CDRB stressed that HRA rejected petitioners' claims that they did not have to return any unspent HCRA funds.

CDRB observed that "In sum, the First Department and Court of Appeals have concluded that HCRA funds are a subset of Medicaid funds and that HRA is authorized to recoup these funds from providers if they are not expended in the fiscal year received. Here, it is undisputed that petitioners did not spend the contested HCRA funds in the fiscal years received. Accordingly, HRA is entitled to recoup those funds" (*id*. at 6).

CDRB noted that HRA and petitioners disagreed about how to characterize the funds (*id*.). It concluded that "It is immaterial, however, whether the unspent Medicaid funds are characterized as HCRA or non-HCRA funds. The Court of Appeals has held that HCRA funds are a subset of Medicaid funds. *People Care Inc.*, 36 N.Y.3d 1088 at 1089-90 (2021). Since the

**161310/2023   BARELE, INC. ET AL vs. CONTRACT DISPUTE RESOLUTION BOARD OF THE CITY OF NEW YORK ET AL
Motion No. 001**                                                                                                                   **Page 5 of 8**

5 of 8

courts have conclusively held that HRA is authorized to recoup unspent Medicaid funds, it is inconsequential whether these funds are classified as HCRA or non-HCRA funds" (*id*.). It also emphasized that this dispute was not properly before the CDRB because it was not raised to the Commissioner (*id*.).

CDRB emphasized that "Petitioners' Notices of Dispute generally challenged HRA's authority to recoup unspent HCRA funds. But that was a legal, rather than a factual, challenge. Specifically, petitioners did not dispute the *amount* of HCRA funds that HRA sought to recoup. Petitioners claimed that they were unable to raise this challenge in their April 2009 Notices of Dispute because HRA did not distinguish between HCRA and non-HCRA funds until it sent payment demands on October 5, 2009. The Board disagrees" (*id*. at 7 [citations omitted and emphasis in the original]).

CDRB rationalized that "Even if petitioners only learned of the distinction between HCRA and non-HCRA funds for the first time in October 2009, as they suggest, they did not file another Notice of Dispute with the HRA Commissioner at that time. Instead, petitioners chose to raise this issue with HRA employees involved with the audit in letters dated November 4, 2009" (*id*.). It also rejected petitioners' request that they have an opportunity to show that they properly spent the HCRA funds on recruitment and retention, although not in the same fiscal year (*id*.). CDRB insisted that "The dispositive and undisputed fact is that petitioners failed to expend the HCRA funds in the fiscal year received. Accordingly, even if petitioners could make a showing that HCRA funds were eventually properly spent, it would not change the outcome" (*id*. at 8).

The Court finds the CDRB's decision was rational and that petitioners did not meet their burden in an Article 78 proceeding to annul this determination. CDRB rationally found, relying on recent appellate cases, that HRA was the correct entity to perform the audit and that there was

**161310/2023   BARELE, INC. ET AL vs. CONTRACT DISPUTE RESOLUTION BOARD OF THE
CITY OF NEW YORK ET AL
Motion No.  001**

**Page 6 of 8**

[* 6]

6 of 8

no dispute that petitioners failed to use the HCRA funds in the fiscal year in which they were received. This Court cannot set that determination aside on this record.

Petitioners' claims that it never got a chance to have a hearing on the merits is belied by the fact that the CDRB argues that there is no dispute that petitioners failed to spend the subject funds. The Court also points out that, as CDRB argued, petitioners' original notices of claim from 2009 raised arguments about whether HRA had the right to perform the audit. Those notices of claim were not focused on the amounts sought by HRA.

CDRB also rationally rejected petitioners' claim that they used the HCRA funds to make up a shortfall with a workers' compensation self-insurance trust by citing to a binding First Department case (*id*.). In *Personal-Touch Home Care of N.Y., Inc. v City of New York Human Resources Admin.* (201 AD3d 532, 160 NYS3d 40 [1st Dept 2022]), the First Department concluded that CDRB cited a rational basis for upholding HRA's denial of a provider's request to divert unspent Medicaid funds to cover the deficit of a self-insurance trust. In other words, CDRB was correct to assert that it could rely upon HRA's denial of petitioners' argument that it be permitted to use the HCRA funds for another purpose.

To the extent that petitioners claim that the CDRB ruling violates certain Medicaid regulations by not providing it with a "fair hearing", the Court observes that petitioners participated in the ADR process under the parties' contracts. The contracts provided that petitioners' "sole remedy shall be to initiate dispute resolution pursuant to Article 8.15 of Part II of this Agreement" (NYSCEF Doc. No. 5, at 7). That is what occurred here, with any agency head determination to be appealed to the CDRB (*see id*. at § 8.15). Nor did petitioners cite to any specific demands for a such a hearing during the many years of this dispute.

**161310/2023   BARELE, INC. ET AL vs. CONTRACT DISPUTE RESOLUTION BOARD OF THE CITY OF NEW YORK ET AL**
**Motion No.  001**

**Page 7 of 8**

7 of 8

**Summary**

Simply put, this Court sees no reason to vacate CDRB's determination. In this Court's view, CDRB rendered a decision on the merits of the dispute in front of it. The instant dispute concerned, as an initial matter, whether or not HRA was the proper agency to perform the audit of petitioners and to recoup the unspent HCRA funds. CDRB rationally cited to binding cases for the proposition that HRA could seek recoupment. It also pointed out that petitioners did not dispute that they had not spent the funds within the same fiscal year in which they were received.

The vast majority of petitioners' arguments appear to raise issues that were not in its notices of dispute. As CDRB stressed, it "does not engage in factfinding" and is limited to the record below (NYSCEF Doc. No. 4 at 8). Put another way, CDRB's role is not to engage in a de novo fact finding; its role is only to evaluate the agency's determination. The Court finds that CDRB did that here and came to a rational conclusion.

Accordingly, it is hereby

ADJUDGED that the petition is denied, this proceeding is dismissed along with costs and disbursements to be awarded by the Clerk in favor of respondents and against petitioners upon presentation of proper papers therefor.

| 2/20/2024 | | | | |
|-----------|--|--|--|--|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**161310/2023 BARELE, INC. ET AL vs. CONTRACT DISPUTE RESOLUTION BOARD OF THE CITY OF NEW YORK ET AL**
**Motion No. 001**

**Page 8 of 8**

8 of 8

[* 8]